IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| VFS LEASING CO. )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>G.F. KELLY, INC. d/b/a KELLY )<br>TRUCKING; and GUY KELLY, )<br>)<br>Defendants ) | CIVIL ACTION NO.<br>3:06cv638-SRW |

**RESPONSE TO DEFENDANTS' MOTION TO EXTEND SCHEDULE**

**COMES NOW the Plaintiff,** VFS Leasing Co. ("VFS"), and in response to the Defendants' Motion to Extend Schedule for Submission in Opposition to Motion for Summary Judgment ("Defendants' Motion"), states as follows:

1.  VFS opposes Defendants' Motion because the discovery sought by Defendants is not reasonably calculated to lead to the discovery of admissible evidence and/or is irrelevant. The contracts at issue require Defendants to satisfy any and all costs, including attorney's fees, incurred by VFS to enforce the terms of the contracts. Permitting Defendants to engage in unnecessary and irrelevant discovery will only serve to increase VFS's costs. VFS ordinarily would have no opposition to Defendants seeking discovery, but in this case, these proposed unnecessary and

1

irrelevant discovery requests will only serve to needlessly increase VFS's litigation costs, which VFS will seek to recover from the Defendants.

2.  This is a breach of contract case arising out of two leases. Plaintiff VFS is the lessor. Defendant G.F. Kelly, Inc., ("GFK") is the lessee. Defendant Guy Kelly is the personal guarantor of GFK's obligations under the leases. It is undisputed that GFK and Mr. Kelly defaulted under the terms of the leases, and that VFS repossessed and sold the leased equipment. This action is for the deficiency balance that remains in default after the sale of the leased equipment. Defendants now seek discovery directed to VFS's sale of the repossessed equipment and whether the leased equipment was sold in a commercially reasonable manner. *See* Starnes Affidavit, attached to Defendants' Motion as Exhibit A, at ¶ 3.

3.  This discovery is irrelevant because the contracts at issue are leases, not sale contracts wherein Defendants owned an equity interest in the equipment and VFS merely held a security interest. Here, Defendants have no equity interest in the equipment. As a matter of law, VFS had no duty to sell the repossessed equipment, let alone sell the repossessed equipment in a manner that meets the U.C.C.'s requirements for a

2

commercially reasonable sale. See N.C. Gen. Stat. § 25-2A-523(e);[1] id. at cmt. 11 ("[T]he lessor has no obligation whatsoever to dispose of [repossessed] goods at all."); see also N.C. Gen. Stat. § 25-2A-527(1) (permitting the lessor to sell repossessed goods in the event of default). Defendants' discovery would only be relevant if Defendants owned title to the equipment and VFS merely held a security interest in it. In that situation, any sale of the *repossessed collateral* must be done in a commercially reasonable manner. N.C. Gen. Stat. § 25-9-610(b). Commercial reasonableness of the sale of leased equipment is simply not relevant to a claim for breach of a lease.

4. VFS repossessed and sold the leased equipment to minimize its damages. Because the commercially reasonable disposition requirements do not apply, Defendants' discovery requests are not reasonably calculated to lead to the discovery of admissible evidence nor are they in any way relevant to any issue regarding Plaintiff's Motion for Summary Judgment. The proposed discovery and requested delay will only serve to lengthen the proceedings and increase costs, which Defendants will be liable to pay. Defendants' Motion should be denied.

---

[1] According to the terms of the contracts, they are governed by the laws of the State of North Carolina. North Carolina has adopted U.C.C. Article 2A.

Respectfully submitted this 1st day of December, 2006.

DAVID B. HALL (HAL052)
JASON ASBELL (ASB001)

Attorneys for Plaintiff VFS Leasing Co.

OF COUNSEL:

BAKER DONELSON, BEARMAN
  CALDWELL & BERKOWITZ
A Professional Corporation
420 North 20th Street
Suite 1600 Wachovia Tower
Birmingham, Alabama 35203-5202
(205) 328-0480

CERTIFICATE OF SERVICE

I hereby certify that on this the 1st day of December, 2006, the foregoing has been electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing, to the following counsel of record:

James H. Starnes
Attorney for Defendants
PO Box 590003
Birmingham, AL 35259
(205) 320-0800

S. Sanford Holliday
Attorney for Defendants
PO Box 727
Roanoke, AL 36274
(334) 863-2717

_____
**OF COUNSEL**

B MJA 731301 v1
1039265-000044 11/30/2006