IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| VFS LEASING CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:06cv638-SRW |
| ) | (WO) |
| G. F. KELLY, INC. d/b/a ) | |
| KELLY TRUCKING; and GUY KELLY, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

This action is presently before the court on the Rule 56(f) motion filed by defendants on November 30, 2006 (Doc. # 13) seeking an extension of time until January 31, 2007 to respond to plaintiff's pending motion for summary judgment.[1]  Upon consideration of the motion, and plaintiff's response in opposition filed on December 1, 2006 (Doc. # 14), it is

ORDERED that the motion is GRANTED.[2]   Plaintiff may file its reply brief within eleven days after defendants' response is filed.

---

[1] Under the briefing schedule established by the court's previous order, defendants' response is presently due on December 18, 2006.

[2] Plaintiff argues that it "had no duty to sell the repossessed equipment, let alone sell the repossessed equipment in a manner that meets the U.C.C.'s requirements for a commercially reasonable sale." (Doc. # 14, pp. 2-3).  However, plaintiff did, in fact, sell the equipment and now seeks recovery pursuant to the liquidated damages provision in the contract which applies upon such sale by the lessor.  (See Exhibit E to Craver aff.).  It appears to the court that this provision is not "a formula that is reasonable" as required by N.C. Gen. Stat. § 25-2A-504(1) absent an implied duty of mitigation – *i.e.*, to sell at a commercially reasonable price – and thus, that the discovery sought by defendants is relevant to this action.

DONE, this 4th day of December, 2006.

        /s/ Susan Russ Walker
        SUSAN RUSS WALKER
        UNITED STATES MAGISTRATE JUDGE