**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| VFS LEASING CO. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| vs. | ) | 3:06cv638-SRW |
| | ) | |
| G.F. KELLY, INC. d/b/a KELLY | ) | |
| TRUCKING; and GUY KELLY, | ) | |
| | ) | |
| Defendants | ) | |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW Plaintiff VFS Leasing Co. ("VFS" or "Plaintiff") and submits this reply to Defendants' Response in Opposition to Plaintiff's Motion for Summary Judgment.

**Introduction**

Plaintiff's breach of contract claim against Defendants (G.F. Kelly, Inc. and Guy Kelly) arises from Defendants' lease of twenty-one (21) commercial tractors ("Leased Tractors") from Plaintiff. Defendants do not dispute the leases or that they failed to make payments to Plaintiff as required under the lease. Defendants also concede that their failures to make payments constitute a default under the lease terms and that Plaintiff appropriately exercised its right under the leases to declare the full unpaid amount immediately due and payable. Moreover, Defendants admit that deficiencies remain under the lease terms and, thus, they owe some amount of money to Plaintiff for their default. Thus, the only issue for this Court to decide is the amount of deficiency that Defendants owe to Plaintiff.

Defendants raise the affirmative defense of failure to mitigate in their Response to Plaintiff's Motion for Summary Judgment, and argue that VFS charged excessive fees for repossession, inspection and detailing of the Leased Tractors. Defendants also contend that VFS

did not sell the Leased Tractors in a "commercially reasonable" manner and, therefore, it failed to mitigate its damages. However, as discussed in more detail below, Plaintiffs clearly complied with the accepted industry practices when repossessing, inspecting, detailing and remarketing the Leased Tractors. Defendants offer no competent evidence in support of their affirmative defense and arguments that the sales were not commercially reasonable. Defendants' purported "expert" testimony is due to be stricken in its entirety. Neither Guy F. Kelly ("Kelly") nor Charles David Lance ("Lance") are qualified to offer expert opinions regarding accepted commercially reasonable practices. Their testimony is nothing more than speculation and conjecture; it is conclusory and it is without proper foundation. For these reasons, there is no genuine issue of material fact and Plaintiff is entitled to judgment as a matter of law.[1]

**Argument**

1. **Plaintiff Complied With Nationwide Industry Standards Regarding The Repossession And Resale Of Used Heavy Trucking Equipment By Finance Companies, Leasing Companies And Banks.**

Defendants leased twenty-one (21) Leased Tractors from Plaintiff, a national finance and leasing company. The transaction was memorialized in a lease agreement (the "Lease Agreement") that contained clear and specific terms. Defendants defaulted on the lease. Consistent with the lease terms, Plaintiff placed Defendants in default and undertook measures to repossess and sell the Leased Tractors in an effort to recover its damages. Plaintiff had the Leased Tractors inspected, detailed and remarketed based on accepted commercially reasonable practices for the sale of heavy transportation equipment to the wholesale market.[2] <u>See</u>

---

[1] For purposes of this summary judgment motion only, Plaintiff does not seek to recapture from Defendants the amounts ($12,000) paid to the purchasers of three of the tractors for repairs made after the sale was finalized.

[2] Defendants repeatedly refer to a "commercially reasonable" standard in analyzing Plaintiff's mitigation of its damages. The term "commercially reasonable" can be a term of art under Article 9 of the Uniform Commercial Code ("UCC"). It is not technically appropriate to apply Art. 9 in this case. This case arises under Article 2A of the

Declaration of Michael Cox, pgs. 5-6, ¶ 27, attached as **Exhibit A** to Plaintiff's Evidentiary Submission being filed contemporaneously herewith.

Plaintiff contracted with a national repossession company, Alternative Collection Solutions, Inc. ("ACS"), to reclaim the tractors from Kelly Trucking. See Declaration of Keith Weachter, pg. 1, ¶ 4, attached as **Exhibit B** to Plaintiff's Evidentiary Submission being filed contemporaneously herewith. ACS' services are utilized by a host of finance and leasing clients who are required to repossess over-the-road tractors due to their customers defaults. In general, ACS charges a flat, pre-approved standard rate to its clients for repossessions. Id. at pg. 1, ¶ 3. Included in this charge are the costs of coordinating the repossession, paying the local agents their fees for the actual repossession and the costs incurred to locate the tractors. Id. If its actual costs exceed the flat fee, ACS does not charge extra. Charging a pre-approved flat fee per tractor is a generally accepted practice in the industry. Id. In 2005, ACS charged Plaintiff a $1,000 repossession fee per tractor. This was a reasonable and competitive rate within the repossession industry and was, in fact, lower than the average rate. Id. However, because Plaintiff was contracting to have more than 10 tractors repossessed on this occasion, ACS charged Plaintiff an even lower rate -- $700/tractor. Id. at pg. 1, ¶ 4.

As is a standard accepted practice in the industry, Plaintiff also had the Leased Tractors inspected. See **Exhibit A**, pg. 4, ¶ 21. Plaintiff incurred a $300 charge for each inspection. The amount of this charge was a reasonable and competitive rate in the industry and in the mid-range of what other customers were being charged for inspections during the same time period. Id. The Leased Tractors were also detailed as necessary to prepare them for resale. Plaintiff was

---

UCC. The Article 9 "commercially reasonable" requirements do not apply verbatim where the transaction at issue does not involve an ownership interest in the property. Because these were leased tractors, Defendants had no equity interest in the them.

charged a $500.00 fee for each truck that received the standard detailing. Detailing a repossessed tractor is an accepted practice in the industry. Id. at pg. 5, ¶ 27. The fee Plaintiff was charged, which was passed on at cost to Defendants (as were all costs) was reasonable and competitive in the marketplace at the time. Id. at pg. 3, ¶ 16.

After repossession, inspection and detailing, Plaintiff remarketed and sold the tractors at auction. The method that Plaintiff utilized to sell the tractors was not unique and was thoroughly consistent with acceptable industry practices of selling repossessed over-the-road tractors. Id. at pgs. 2-3, ¶¶ 9-14. Plaintiff could have pursued other acceptable methods of selling the equipment, but doing so could likely have caused longer marketing periods at additional cost which ultimately could have decreased the overall return on the sale. Id. at pg. 3, ¶ 15. Plaintiff, however, chose the accepted practice of marketing the Leased Tractors to the relevant marketplace and consigning them in a reserve auction. Specifically, this was done at the Adessa Heavy Truck Sale in Atlanta, Georgia, one of the largest fixed location auctions in the U.S. Id. at pg. 3, ¶ 11. Because of this, the sale prices that Plaintiff received for the tractors were consistent with market values for similar units under the market conditions present during the relevant time frame -- October 2005 to January 2006. Id. The method and manner of sale were in accordance with accepted industry practices. Id. at pg. 5, ¶ 27. Interestingly, Defendants were willing to sell the tractors to a third-party just months before they were repossessed for virtually the same price that Plaintiff got for them. See Kelly Depo., pgs. 101:15 - 102:14, attached as **Exhibit C** to Plaintiff's Evidentiary Submission being filed contemporaneously herewith. See also Price Comparison Chart, attached as **Exhibit D** to Plaintiff's Evidentiary Submission being filed contemporaneously herewith**.** The price the tractors sold for at auction and what

4

Defendants were willing to sell them for just months earlier was virtually the same.  See **Exhibit C** at pgs. 98:4 – 102:13 and Plaintiff's exhibits 1, 2, 8 & 10 thereto.

It is undisputed that Plaintiff complied with the requisite industry standards when it repossessed, inspected, detailed, remarketed and resold the twenty-one (21) Leased Tractors at issue in this case.  Plaintiff did not breach its duty to mitigate, and therefore, no issue of genuine fact remains in this case.

**2. No Genuine Issue Of Material Fact Remains In This Matter Because Neither Kelly Nor Lance Are Experts in the Relevant Industry And Their Affidavits Cannot Be Considered.**

"Summary judgment cannot be avoided ... based on hunches unsupported with significant probative evidence." Raney v. Vinson Guard Serv., Inc., 120 F.3d 1192, 1198 (11th Cir. 1997); Bevill v. UAB Walker College, 62 F.Supp.2d 1259, 1268 (N.D. Ala. 1999); Bailey v. Allgas, Inc., 284 F.3d 1237, 1243 (11th Cir.2002).  Moreover, Federal Rule of Civil Procedure 56(e) dictates that the nonmoving party "go beyond the pleadings and by affidavits, or by the depositions, answers to interrogatories, and admissions on file designate specific facts showing there exist genuine issues for trial." Cottle v. Storer Communication, Inc., 849 F.2d 570, 575 (11th Cir. 1988).  "If the non-moving party fails to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof, then the court must enter summary judgment for the moving party." Gonzalez v. Lee County Housing Authority, 161 F.3d 1290, 1294 (11th Cir. 1998).  "Bare speculation based on loose construal of the evidence will not satisfy the non-movant's burden." Bevill, 62 F. Supp 2d at 1268.  In other words, once expert testimony is excluded, summary judgment is appropriate if there is no other admissible evidence supporting the claim. Wheat v. Sofamor, S.N.C., 46 F.Supp.2d 1351 (N.D. Ga. 1999) (After the expert's testimony was excluded, there was insufficient evidence of a defect for Plaintiffs to survive Defendants' summary judgment motions.).

5

In this case, neither Kelly nor Lance are qualified to offer expert testimony as to the accepted industry practices and customs for the repossession, inspection, detail and resale of used/repossessed over-the-road tractors by finance companies, leasing companies and/or banks to the wholesale market.  As demonstrated in Plaintiff's Motion to Strike filed contemporaneously herewith, neither Kelly or Lance are qualified to offer expert testimony regarding accepted commercially reasonable practices.  Their affidavits are due to be stricken and cannot support Defendants' arguments regarding the only remaining issues in the case. Consequently, Defendants have presented no probative admissible evidence to create a genuine issue of material fact.  Consequently, Plaintiff's Motion for Summary Judgment is due to be granted.

### Conclusion

There are no genuine issues of material fact and VFS Leasing Co. is entitled to judgment as a matter of law.

Respectfully submitted this 30th day of April, 2007.

s/   David B. Hall_____
DAVID B. HALL (HAL052)
JULIE A. COTTINGHAM (COT017)
Attorneys for Plaintiff VFS Leasing Co.

OF COUNSEL:

BAKER DONELSON, BEARMAN
  CALDWELL & BERKOWITZ
A Professional Corporation
420 North 20th Street
Suite 1600 Wachovia Tower
Birmingham, Alabama 35203-5202
(205) 328-0480 Telephone
(205) 322-8007 Facsimile

6

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 30th day of April, 2007, the foregoing has been electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing, to the following counsel of record:

James H. Starnes
Attorney for Defendants
PO Box 590003
Birmingham, AL 35259
(205) 320-0800

S. Sanford Holliday
Attorney for Defendants
PO Box 727
Roanoke, AL 36274
(334) 863-2717

s/ David B. Hall
**OF COUNSEL**

B JAC2 745294 v1
1039265-000044 4/30/2007