IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| VFS LEASING CO. ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| vs. ) | 3:06cv638-SRW |
| ) | |
| G.F. KELLY, INC. d/b/a KELLY ) | |
| TRUCKING; and GUY KELLY, ) | |
| ) | |
| Defendants ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE
PLAINTIFF'S DECLARATIONS**

COMES NOW Plaintiff VFS Leasing Co. ("Plaintiff" or "VFS") in opposition to the motion of Defendants G.F. Kelly, Inc. d/b/a Kelly Trucking and Guy Kelly (collectively "Defendants"), to strike the Declarations submitted as support for Plaintiff's Motion for Summary Judgment and Motion to Strike and states as follows:

1. Defendants' Motion to Strike Plaintiff's Declarations is due to be denied. Plaintiff timely disclosed their experts in this matter. Defendants' Motion to Strike completely ignores the fact that it is their burden to prove their affirmative defense of failure to mitigate. See Frederick v. Kirby Tankships, Inc., 205 F.3d 1277, 1287 (11th Cir. 2000). Plaintiff's witnesses are offered in rebuttal to Defendants' witnesses' testimony. Defendants' Motion is, thus, due to be denied.

2. Defendants' Opposition to Plaintiff's Motion for Summary Judgment ("Opposition") relies exclusively on their affirmative defense that Plaintiff failed to mitigate its damages. Defendants' purported expert witnesses, Guy F. Kelly ("Kelly") and Charles David Lance ("Lance"), are not offered to rebut Plaintiff's expert, but instead are offered affirmatively to carry Defendants' burden of proof on their affirmative defense. Prior to

B JAC2 745725 v1
1039265-000044 5/4/2007

this time, Defendants had presented no evidence to support their contention that Plaintiff failed to mitigate its damages.

3. After consulting with Defendants' counsel on a date to schedule Defendants' experts' depositions, Plaintiff noticed the deposition of both Kelly and Lance for March 26, 2007. While in route to Defendants' experts' depositions on March 26, counsel for Defendants called Plaintiff's counsel and advised that Kelly went to the emergency room that morning with symptoms of a heart attack. Thus, the depositions would need to be postponed. After determining that Kelly was fit to sit for deposition in consultation with Defendants' counsel, Plaintiff re-noticed Kelly's and Lance's depositions for April 12, 2007.

4. After Kelly's and Lance's depositions, Plaintiff retained and disclosed two expert witnesses to rebut both Kelly's and Lance's testimony.

5. Plaintiff simply could not have disclosed these <u>rebuttal</u> expert witnesses before Defendants disclosed their witnesses' testimony. It would be manifestly unjust to require Plaintiff to anticipate what Defendants' witnesses and experts might offer by way of testimony in support of Defendants' affirmative defense. Defendants cannot seriously suggest that Plaintiff is not permitted to offer witnesses and testimony in rebuttal to the testimony they attempt to offer in support of their burden of proof. See <u>In re Accutane Products Liability Litigation</u>, 2007 WL 1064255 *2 (M.D. Fla. April 5, 2007) (holding that Plaintiff's disclosure of its rebuttal expert witness was substantially justified and harmless to the proceedings when Plaintiff's counsel immediately sought a rebuttal witness to Defendants' alternative causation expert and the Defendants would not be prejudiced by the disclosure).

2

6. Although citing no authority for their argument, Defendants assert that Plaintiff's experts cannot comment on the opinions or qualifications of their experts. Counsel for Plaintiff could find no authority for such an argument. Thus, there is no basis for Defendants' unsupported contention. See KW Plastics v. U.S. Can Co., 199 F.R.D. 687, 692 (M.D. Ala. 2000) (holding that a rebuttal expert may testify that the opposing expert's opinion implicitly assumes or ignores certain facts). Plaintiff would suffer undue prejudice if it were not allowed to submit expert testimony in rebuttal to a claim Defendants raise and for which they bear the burden of proof.

7. Plaintiff is entitled to rebut Defendants' testimony offered in support of their affirmative defense of failure to mitigate with expert testimony of its own.

8. WHEREFORE, PREMISES CONSIDERED, Defendants' Motion to Strike Plaintiff's Declarations is due to be denied.

Respectfully submitted this 7th day of May, 2007.

s/ David B. Hall
DAVID B. HALL (HAL052)
JULIE A. COTTINGHAM (COT017)
Attorneys for Plaintiff VFS Leasing Co.

OF COUNSEL:

BAKER DONELSON, BEARMAN
CALDWELL & BERKOWITZ
A Professional Corporation
420 North 20th Street
Suite 1600 Wachovia Tower
Birmingham, Alabama 35203-5202
(205) 328-0480

B JAC2 745725 v1
1039265-000044 5/4/2007

CERTIFICATE OF SERVICE

I hereby certify that on this the 7th day of May, 2007, the foregoing has been electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing, to the following counsel of record:

James H. Starnes
Attorney for Defendants
PO Box 590003
Birmingham, AL 35259
(205) 320-0800

S. Sanford Holliday
Attorney for Defendants
PO Box 727
Roanoke, AL 36274
(334) 863-2717

s/ David B. Hall
**OF COUNSEL**

B JAC2 745725 v1
1039265-000044 5/4/2007