IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| VFS LEASING CO.,<br><br>    Plaintiff,<br><br>vs.<br><br>G.F. KELLY, INC. d/b/a KELLY TRUCKING; and GUY KELLY,<br><br>    Defendants | CIVIL ACTION NO.<br>3:06cv638-SRW |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S EVIDENTIARY SUBMISSION

COMES NOW Plaintiff VFS Leasing Co. ("Plaintiff" or "VFS") in opposition to the motion of Defendants G.F. Kelly, Inc. d/b/a Kelly Trucking and Guy Kelly (collectively "Defendants"), to strike Plaintiff's Evidentiary Submission submitted as support for Plaintiff's Motion for Summary Judgment and states as follows:

1. Due to an inadvertent oversight, Plaintiff did not obtain prior leave of court before submitting the affidavits of Michael J. Cox and Keith Weachter as additional evidence ("Additional Evidence") in support of its Motion for Summary Judgment with its Reply to Defendants' Opposition to Plaintiff's Motion for Summary Judgment ("Reply") as this Court's November 3, 2006 Order requires. The Additional Evidence is offered to rebut the evidence Defendants attempt to offer in support of their affirmative defense.

2. Scheduling orders may be modified "upon a showing of good cause." Lyons v. Serrano, 205 Fed. Appx. 719, 722 (11th Cir. 2006) (citing Fed. R. Civ. Pro. 16(b)). Plaintiff's Motion for Leave to Modify Rule 16(b) Scheduling Order provides the requisite good cause for modifying the Scheduling Order to allow Plaintiff's Additional Evidence. The Additional Evidence Plaintiff seeks to offer is in rebuttal to that offered by Defendants.

Thus, Plaintiff requests that this Court consider the evidence submitted as support for its Reply because Defendants are not prejudiced and there is no inconvenience to the Court.

3. The Additional Evidence Plaintiff submitted with its Reply is not, however, necessary for this Court to grant Plaintiff's Motion for Summary Judgment. The only evidence that Defendants have offered in support of their Opposition to Plaintiff's Motion for Summary Judgment are the wholly inadmissible affidavits of Guy F. Kelly ("Kelly") and Charles David Lance ("Lance"). See Plaintiff's Motion to Strike, filed contemporaneously with Plaintiff's Reply. Both Kelly and Lance's affidavits are due to be stricken in their entirety because they purport to offer expert opinion without any basis or foundation and constitute nothing more than inadmissible speculation and conjecture. Therefore, even without consideration of the Additional Evidence, there remains no genuine issue of material fact. Plaintiff is, thus, entitled to summary judgment as a matter of law.

4. WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Defendants' Motion to Strike the Evidentiary Submission be denied and that this Court permit the Plaintiff to offer the Additional Evidence.

Respectfully submitted this 7th day of May, 2007.

s/ David B. Hall
DAVID B. HALL (HAL052)
JULIE A. COTTINGHAM (COT017)
Attorneys for Plaintiff VFS Leasing Co.

OF COUNSEL:

BAKER DONELSON, BEARMAN
CALDWELL & BERKOWITZ
A Professional Corporation
420 North 20th Street
Suite 1600 Wachovia Tower
Birmingham, Alabama 35203-5202
(205) 328-0480

## CERTIFICATE OF SERVICE

I hereby certify that on this the 7th day of May, 2007, the foregoing has been electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing, to the following counsel of record:

James H. Starnes
Attorney for Defendants
PO Box 590003
Birmingham, AL 35259
(205) 320-0800

S. Sanford Holliday
Attorney for Defendants
PO Box 727
Roanoke, AL 36274
(334) 863-2717

                                        s/ David B. Hall
                                        **OF COUNSEL**

B JAC2 745694 v1
1039265-000044 5/4/2007